UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY MOBLEY, ET AL.** | **CIVIL ACTION NO: 5:20-cv-00104** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAMAAL ROSCOE JACKSON** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion to Find Defendant in Contempt [Doc. No. 39] filed by Plaintiffs Jeremy and Randi Mobley ("Mobley"). No opposition has been filed. For the reasons set forth herein, the motion is GRANTED.

**A.  Background**

Mobley originally filed a Complaint [Doc. No. 1] against Defendant Jamaal Roscoe Jackson ("Jackson") on January 22, 2020. Mobley and Jackson agreed to a resolution of this matter on August 7, 2020, and a 90 Day Order Dismissing Case [Doc. No. 25] was entered.

On September 4, 2020, Mobley filed a Motion to Enforce Settlement Agreement [Doc. No. 26]. Said Motion was dismissed as premature on October 8, 2020. [Doc. No. 33].

A Renewed Motion to Enforce Settlement Agreement [Doc. No. 34] was filed on November 10, 2020. Said motion was GRANTED on December 7, 2020 [Doc. No. 38] ordering Jackson to pay Mobley the sum of $50,000 by December 21, 2020.

On January 3, 2021, Mobley filed the pending Motion to Find Defendant in Contempt [Doc. No. 39], maintaining that Jackson only paid $10,000 of the $50,000 ordered and asking that Jackson be held in contempt. No opposition has been filed by Jackson.

**B.     Law and Analysis**

A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the court order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order. *Martin v. Trinity Industries, Inc.* 959 F.2d 45, 47 (5th Cir. 1992).

Mobley has proven all three by clear and convincing evidence. An order [Doc. No. 38] was in effect that required Jackson to pay $50,000 to Mobley by December 21, 2020. Jackson failed to comply by only paying $10,000. This Court finds Jackson in contempt.

Upon finding of civil contempt, the Court has complete discretion in assessing sanctions to protect the sanctity of its decrees and the legal process. *American Airlines, Inc. v. Allied Pilots Association*, 228 F.3d 574, 585 (5th Cir. 2000). A fine for civil contempt may be compensatory in nature or may be designed to coerce behavior. *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947).

Jackson initially agreed to pay $100,000, payable in two installments of $50,000, to be paid by August 31, 2020 and the final installment to be paid on November 1, 2020. Jackson did not pay the first installment of $50,000 timely, but eventually did pay it. Jackson has paid only $10,000 of the second installment of $50,000 that was due by November 1, 2020.

This Court will order Jackson to pay the sum of $1,000 to Mobley as a sanction, if the remaining balance of $40,000 (plus the $1,000 sanction) is paid to Mobley by 4:00 p.m. on Tuesday, February 16, 2021.

In the event the remaining balance of the settlement, and the $1,000 sanction is not paid to Mobley by Tuesday, February 16, 2021 at 4:00 p.m., this Court will sanction Jackson in the amount of $10,000.

The attorney for Mobley shall file into the record by February 17, 2021, an affidavit verifying whether payment in full was received, so this Court can impose the appropriate sanction.

MONROE, LOUISIANA, this 26th day of January, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE